Gary KOPFF et al., Petitioners,

v.

DISTRICT OF COLUMBIA ALCOHOLIC
BEVERAGE CONTROL BOARD,
Respondent,

C.J.K., Inc., Intervenor.

No. 14091.

District of Columbia Court of Appeals.

Argued Dec. 20, 1979.

Decided Jan. 21, 1980.*

Robert Stumberg, Washington, D. C., argued for petitioners; Jason Newman and Johnny Barnes, Washington, D. C., were on the briefs.

Richard W. Barton, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., entered appearances for respondent and adopted the brief for intervenor.

L. Mark Winston, Washington, D. C., argued for intervenor; J. E. Bindeman, Leonard W. Burka and Stuart L. Bindeman, Washington, D. C., were on the brief for intervenor.

Before NEBEKER, HARRIS and PRYOR, Associate Judges.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Intervenor's motion for publication was granted.

HARRIS, Associate Judge:

After a hearing, the Alcoholic Beverage Control Board found that the subject premises on Connecticut Avenue qualified for the issuance of a Class C liquor license to intervenor C.J.K., Inc. Petitioners challenge the granting of that license. We affirm.

I

The contested hearing now before us was conducted in August of 1978. It was held pursuant to a remand ordered by this court in *Kopff v. Alcoholic Beverage Control Board*, D.C.App., 381 A.2d 1372 (1977).[1] The remand was ordered because of three errors which had been committed during the first licensing hearing in which the Board granted a Class C liquor license to C.J.K., trading as Ireland's Four Provinces. The Board's earlier decision (of September 21, 1976) was reversed due to the following errors: (1) a failure to notify known remonstrants (44 persons) of the rescheduled hearing on C.J.K.'s application, (2) a failure to post notice of the rescheduled hearing on the C.J.K. premises, and (3) a failure to give appropriate weight to the concerns of the affected Advisory Neighborhood Commissions (ANC's). *Kopff, supra*, at 1387–88.

We then stated in part: "We therefore remand the proceeding to the ABC Board for prompt conduct of a new hearing upon the appropriateness of issuing a Class C retailer's license to C.J.K." *Kopff, supra*, at 1388. In accordance with the mandate which officially remanded the case, the Board scheduled a new hearing on C.J.K.'s application for August 3, 1978.

On June 28, 1978, notice of the hearing on remand was posted on the premises, and a notice was published in The Washington Star in accordance with the requirements of the Alcoholic Beverage Control Act. *See* D.C.Code 1973, § 25–115(b). Notice also was given to the appropriate ANC's pursuant to D.C.Code 1977 Supp., § 1–171i(b).

II

■ The primary issue now before us is whether the Board correctly construed the *Kopff* mandate to require a new licensing proceeding. If the August 1978 hearing was a new hearing, then the correct notice requirements were followed. On the other hand, if, as petitioners assert, the 1978 hearing was a continuation of the 1976 proceeding, then notice should have been given individually to each of the 44 remonstrants from the original 1976 hearing. The *Kopff* opinion used the words "new hearing" in ordering the remand, but petitioners question what that means in the context of notice requirements. We consider the rule concerning new trials to provide an appropriate analogy. In summary, the applicable rule is:

> When the proceedings of the former trial have been vacated and set aside by the order of the court, the trial of the case proceeds de novo. It must be conducted, as far as practicable, in the manner in which it would be conducted if there had not been a previous trial. [58 Am.Jur.2d *New Trial* § 223 (1971) (footnotes omitted).]

Consistent with this general rule, we conclude that a remand for a new hearing makes appropriate the notice requirements of a new hearing, rather than the notice requirements of a continuation of an existing hearing.

Petitioners' reliance upon *NLRB v. Donnelly Garment Co.*, 330 U.S. 219, 67 S.Ct. 756, 91 L.Ed. 854 (1947), is misplaced. In *Donnelly*, the Eighth Circuit court of appeals had remanded a case to the National Labor Relations Board "for further proceedings not inconsistent with the opinion of this Court." There was no mention of a "new hearing," and the Board construed the remand as calling for further proceedings on the same matter. The Supreme Court later stated:

> In the context of the opinion remanding the Board's original order and of the nature of the administrative process with

1. The court allowed the previously-granted license to remain in effect until a new determination could be made on remand. *Kopff v. ABC Board, supra*, at 1388.

which it is entrusted, the Board was justified in not deeming itself under duty to grant a "new trial" in the sense in which a lower court must start anew when an upper court directs such a new trial. There was no reference to a "new trial," nor was any intimation given that such was the breadth of what the remand required. [*Id.,* at 227–28, 67 S.Ct. at 761.] That is quite different from the present case, in which we remand "for prompt conduct of a new hearing." *Kopff, supra,* at 1388. Certainly it would not have been inappropriate for the Board to have notified the 44 known remonstrants who had expressed an interest in the 1976 hearing, but since the 1978 hearing was a new hearing the Board did not err in following only the notice procedures of 3 D.C.R.R. § 20.1 (1971) and D.C.Code 1973, § 25–115(b).[2] *See also* D.C.Code 1978 Supp., § 1–171i(b).

### III

Petitioners also assert that the Board erred in excluding evidence which allegedly would have demonstrated that the premises in question were inappropriate for a Class C license because of fire safety violations. *See* 5A–1 D.C.R.R. § 628.3(2) (1972); *id.,* § 202.7(2).

■ The Board's regulations require an applicant to have a certificate of occupancy and all other appropriate licenses before a liquor license may be issued. 3 D.C.R.R. § 2.1. On January 13, 1977, an appropriate certificate of occupancy was issued to C.J.K. by the Department of Economic Development granting permission to use the premises for a restaurant seating 199. (The restaurant actually has seating for 150.)

■ The Board did not err in relying on the duly-issued certificate of occupancy. If the Board had gone behind the certificate of occupancy to ascertain whether or not it was properly issued, the Board would have been acting in effect as a court of appeals over other coordinate administrative departments. The Board has neither the jurisdiction nor the expertise to review compli-

ance with safety requirements in such a manner. The correct avenue for pursuing any alleged violation of the Safety or Building Codes is a complaint to the appropriate governmental entity involved.

Substantively, there was uncontested testimony that the fire inspector periodically inspected the premises and had never reported any violation. Also, the building inspector testified that the building had been approved for a certificate of occupancy and was in compliance with the Code.

There having been no reversible error committed, the decision appealed from is affirmed.

*Affirmed.*

---

2. With commendable candor, petitioners do not contend that any interested party lacked actual notice of the new hearing or was denied an opportunity to express its position.